AMERICAN FOREST PRODUCTS COMPANY, INCORPORATED, Plaintiff, v. LUMBERMEN'S MUTUAL CASUALTY COMPANY, Defendant.

First Department, May 20, 1932.

*S. Whitney Landon* of counsel [*Swiger, Scandrett, Chambers & Landon,* attorneys], for the plaintiff.

*Walter G. Evans* of counsel [*Evans, Hunt & Rees,* attorneys], for the defendant.

TOWNLEY, J. Plaintiff seeks to recover $6,988.51 claimed to be due under the terms of a public liability policy issued by defendant insuring plaintiff against liability resulting from the negligence of plaintiff's servants. Plaintiff is a corporation engaged in the business of dealing in telephone poles. One of its plants is at Sylva, Jackson county, N. C. To protect itself from liability arising from its business operations at its plant at Sylva, plaintiff procured the policy annexed to the submission.

The accident on which the claim is based arose out of the following circumstances: Prior to January 20, 1927, and while the

policy was in force, plaintiff, through its agents and employees, loaded a consignment of poles for delivery to the New York Telephone Company at the New York Telephone Company's yard in Brooklyn, N. Y. The loading was done at Sylva. On January 20, 1927, an employee of the New York Telephone Company, named Brockman, while engaged in the regular course of his employment in unloading the poles from the car in Brooklyn, sustained injuries resulting in his death by reason of the rolling of the whole or some part of the telephone poles from the car. No employees of the plaintiff were present at the time of the accident nor had any of the employees of the plaintiff performed any service upon the car after the car left the plant at Sylva.

In the written submission it is said that the injuries " were claimed to have been caused by the carelessness and negligence of the plaintiff * * * in that the stakes installed on such railroad car to hold such telephone poles in position had been installed at the plaintiff's said yard or plant at Sylva, Jackson County, North Carolina, in an improper, unskillful, negligent and careless manner." It is not conceded that in fact there was negligence in the loading. The case was settled and $6,000 was paid to the personal representative of the deceased Brockman. It is agreed " that this was a fair and reasonable settlement, and by agreement of the parties hereto has the same force and effect as if it were a verdict rendered by a jury, pursuant to a finding that the said injuries were in fact due solely to the said alleged improper loading of said poles by the employees of the plaintiff at its said plant at Sylva, North Carolina, which said verdict and finding were supported by competent and sufficient legal evidence and were in no way contrary to law or otherwise improper."

The policy insured the plaintiff respecting bodily injury or death suffered by any person or persons other than the employees of the plaintiff " while at the places designated in Item 3 of said declarations by reason of the work described in Item 3 of said declarations, in and during the prosecution of such work." Item 3 specifies that the location of the premises insured is at Sylva, Jackson county, State of North Carolina. There were no relevant exceptions covering operations at any other point.

It is unnecessary to mention other sections of the policy. There is concededly nothing which indicates an intention to protect plaintiff for injuries occurring outside of Sylva.

But plaintiff claims that there should be a recovery for an accident happening elsewhere than at Sylva, provided it was proximately caused by operations of plaintiff's servants at Sylva. As expressed by plaintiff, the loading was in the nature of a snare on the premises

at Sylva and undisturbed by any intervening force which caught its victim off the premises in Brooklyn. A sufficient answer to this is that the parties made no such agreement.

Judgment should be directed for the defendant, with costs.

FINCH, P. J., McAVOY, MARTIN and O'MALLEY, JJ., concur.

Judgment directed for defendant, with costs. Settle order on notice.